J-S22012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO ADAM HOWELL | |
| Appellant | No. 1454 MDA 2015 |

Appeal from the Order Entered July 22, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001676-2014

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED MAY 27, 2016**

Appellant, Antonio Adam Howell, appeals from the July 22, 2015 aggregate judgment of sentence of 54 months to 16 years' imprisonment, imposed by the trial court after Appellant entered a negotiated guilty plea to 21 criminal offenses, including 2 counts of simple assault, 1 count of aggravated assault, 7 counts of robbery, and 11 counts of conspiracy.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701, 2702, 3701, and 903, respectively.

***Anders***[2] brief, stating that the appeal is wholly frivolous.[3]   After careful review, we affirm and grant counsel's petition to withdraw.

The trial court summarized the relevant factual and procedural history of this case as follows.

> On July 31, 2014, [Appellant] and two co-conspirators approached John Messner on the street. Either [Appellant] or one of his co-conspirators pushed a gun into Mr. Messner's stomach and demanded money. When Mr. Messner denied having any, the conspirators punched him repeatedly, knocking him to the ground. They took two lighters from his pocket. Around the same time, the conspirators approached Lenny Roth from behind, striking him and causing him to fall to the ground, where the conspirators struck and kicked him. He was seriously injured, sustaining multiple cuts and fractures to his face. He was sent by ambulance to Hershey Medical Center. He reported he was robbed of his cell phone, wallet, keys and $80.00.
>
> On October 28, 2014, the Commonwealth charged [Appellant] with 22 counts, including two counts of Simple Assault, one count of Aggravated Assault, eight counts of Robbery and eleven counts of Conspiracy to commit the forgoing crimes. On April 29, 2015, the Commonwealth agreed to nolle pros one of the robbery charges, and [Appellant] entered a guilty plea to all of the remaining counts, as charged. On July 22, 2015, [the trial court]

_____

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] In an unpublished memorandum filed on March 4, 2016, we determined that counsel had failed to include in the certified record the pertinent notes of testimony as mandated by ***Commonwealth v. Flowers***, 113 A.3d 1246 (Pa. Super. 2015), and remanded the case for counsel to provide the missing transcripts and file appropriate supplemental pleadings. Counsel complied on April 26, 2016.

imposed a sentence on [Appellant]. In doing so, [the trial court] complied with the parties' plea agreement calling for a minimum of 54 months in prison. The trial court also noted numerous aggravating factors, including:

(1) This was a random act of gratuitous violence.

(2) All Defendants were young and strong, while one of the victims was elderly and not in good health.

(3) One of the victims was injured so severely that he had to be transported to the hospital by ambulance.

(4) One of the Defendants possessed a gun and threatened the victims with it.

(5) This was [Appellant's] second robbery. For his first, he was treated in the juvenile justice system, where he did not take advantage of the rehabilitative opportunities he was offered.

[The trial court] found that most of the counts merged, and only sentenced [Appellant] on Count 1, for Robbery of John Messner under 18 P.C.S.A. § 3701 § A1ii; Count 2, Criminal Conspiracy to rob Mr. Messner under 18 P.C.S.A. § 903 § Aii/18 P.S.C.A. § 3701 § A1ii; Count 12, Robbery of Lenny Roth under 18 P.S.C.A. § 3701 § A1ii; and Count 13, Criminal Conspiracy to rob Lenny Roth under 18 P.S.C.A. § 903 § Aii/18 P.S.C.A. § 3701 § A1ii.

[The trial court] imposed identical sentences for Counts 1 and 12 of 54 months to 16 years in a state correctional facility. Likewise, the sentence on Counts 2 and 13 were identical—three to 12 years' imprisonment. The sentences imposed on Counts 2, 12 and 13 were to be served concurrently with the sentence imposed on Count 1, for an aggregate

sentence of 54 months to 16 years. [The trial court] ordered [Appellant] to pay the costs of prosecution and a fine of $400. [The trial court] also ordered [Appellant] to make restitution to the Estate of Mr. Roth in the amount of $267 and pay $1,462.17 to the Crime Victims' Compensation Fund.

On August 18th, [2015,] [Appellant's] counsel filed a Notice of Appeal.[4]

Trial Court Opinion, 9/30/15, at 2-4 (footnotes omitted).

On appeal, Appellant raises the following issues for our review.

1. Was the sentence imposed so manifestly excessive as to constitute too severe a punishment?

2. Was the sentence imposed manifestly excessive because undue weight was assigned to the gravity of the offenses despite the existence of certain mitigating factors such as [Appellant's] age and education?

3. Was the sentence imposed unreasonably disproportionate to co-defendant's sentence?

Supplemental *Anders* Brief at 3.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an *Anders* brief shall comply with the

_____

[4] On August 24, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied on September 11, 2015. The record does not indicate that Appellant filed a response to either the *Anders* brief or supplemental *Anders* brief.

requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v.**

- 5 -

*Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded, "after a thorough review of the record and applicable law, undersigned appointed counsel for Appellant believes this appeal would be wholly frivolous." Supplemental *Anders* Brief at 16. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letters from Counsel to Appellant, dated 11/24/15 and 4/26/16. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In all three of his issues, Appellant challenges the length of his sentence, contending it is "too severe," and the trial court "afforded too much weight to the aggravating factors that were present and ignored the mitigating factors," which resulted in Appellant receiving a sentence that was

"disproportionate" to that of his co-defendant. Supplemental **Anders** Brief at 3, 12-13.

At the outset, we note that Appellant's argument pertains to the discretionary aspects of his sentence. "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, when a defendant has entered a plea and it is apparent from the record that the parties did not agree upon a maximum term of incarceration, a defendant is entitled to seek appeal of the trial court's exercise of discretion in determining the maximum term of the sentence. *C*ommonwealth v. Brown, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 990 A.2d 726 (Pa. 2010).

Nevertheless, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Tobin**, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a

substantial question that the sentence was not appropriate under the sentencing code." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. **Commonwealth v. Trinidad**, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

**Id.**

Instantly, Appellant filed a timely notice of appeal on August 18, 2015. However, our review of the certified record, including the docket entries, indicates that Appellant did not file a motion to reconsider or modify sentence, and did not orally preserve his sentencing issue with the trial court at sentencing. N.T., 7/22/15, at 1-13. We therefore conclude that Appellant's sentencing issues are waived. **Commonwealth v. Tejeda**, 107 A.3d 788, 798-99 (Pa. Super. 2015), *appeal denied,* 119 A.3d 351 (Pa.

2015) (we may not review discretionary aspects of sentencing claims when an appellant fails to preserve them at sentencing or in his post-sentence motion, even where the appellant has raised the claims in his Pa.R.A.P. 1925(b) statement).

Accordingly, as Appellant's sentencing issues are waived, we agree with counsel that this appeal is wholly frivolous. Furthermore, our independent review of the record reveals no additional non-frivolous claims. We therefore grant counsel's petition to withdraw and affirm the July 22, 2015 judgment of sentence.

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2016